LUDWIK KUZIORA AND MARY KUZIORA, PLAINTIFFS, v. GARFIELD-PASSAIC TRANSIT COMPANY AND PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANTS.

Submitted May term, 1931—Decided September 28, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the rule, *Samuel Heller.*

*Contra, Alex M. MacLeod* and *William F. Vosseller.*

PER CURIAM.

The plaintiffs were passengers in an auto bus of the defendant Garfield-Passaic Transit Company. As such bus was crossing the tracks of the Public Service, at Fairlawn, Bergen county, a trolley car of the latter company came in collision with the bus, overturning it.

Both plaintiffs claimed injuries and brought suit, a trial of which resulted in verdicts in favor of each plaintiff and against both defendants; that in favor of plaintiff Ludwick is for $2,000 and that in favor of plaintiff Mary, is $100. They have a rule to show cause why such verdicts should not be set aside as inadequate.

Turning first to the verdict of the wife, Mary, we think it is not liberal but on the other hand it certainly is not so inadequate as to permit us to set it aside.

There is much doubt from the proofs as to her injuries. She claims she had pain in her face, right side and arm. At the time of the happening she went to the hospital with

her husband but did not stay. She seems not to have been treated there.

The next morning she went to work in a handkerchief factory in Passaic, where she was regularly employed, and worked for two hours, when she says she felt sick and quit work. Later she went to a doctor who treated her for her alleged ailments. This doctor does not testify to any objective signs of injury. She was away from work one week; her doctor's bill was $45 and she was completely cured and fully recovered. Her loss of wages was $25 which, with her doctor's bill of $45 makes $70, and the verdict of $100 gave her $30 for pain, &c.

We are inclined to think that the jury concluded that her injuries and ailments were grossly exaggerated. In so concluding we think they were fully justified and that under all the circumstances the verdict should stand.

The plaintiff Ludwick suffered a comminuted spiral fracture through the head of the humerus, intercapsular, of the right arm.

Immediately after the happening he was taken to the Barnet Memorial Hospital in Paterson and the fracture reduced. The surgeon was a Dr. Mendelsohn. The arm was put in what is known as an aeroplane splint and plaster cast. In eight or nine days he was discharged from the hospital but continued under the care of Dr. Mendelsohn. The cast was removed about seven weeks thereafter and then massage and electric treatments were given and continued until a short time before the trial, which took place November 5th, 1930. The accident happened July 21st, 1929.

At the trial Dr. Mendelsohn testified that the treatments had been discontinued because nothing further could be accomplished by them and that the result was that the plaintiff had a lessened power of "grip" in his right hand—restricted motions of the arm and, summed up, twenty-five to thirty per cent. loss of use of the right arm. A Dr. De Yoe, who also testified as a medical expert, for the plaintiff, testified to practically the same thing but further said that the fracture had healed and there was a perfect union, &c., but said also

that plaintiff could not perform any work requiring heavy lifting; that he had a thirty per cent. loss of the use of his arm and that in his opinion this would not improve. A Dr. Sawyer was produced by the defendants whose testimony was undoubtedly intended to show that the plaintiff had made a complete recovery. This testimony, however, is equivocal and very unsatisfactory and by no means convincing.

Plaintiff claims he has been unable to work from the time of the injury. He was employed in a dyeing plant as a laborer at from $25 to $28 per week and his work was to lift, with another, heavy rollers weighing from two hundred and fifty to four hundred and fifty pounds. He says he has not been able to life an ordinary pail of coal with his right arm. An investigator of the Public Service testified that in March of 1930 he saw plaintiff lifting and carrying household furnishings and utensils and that he then offered him work but he refused saying that he had a suit against the Public Service and his lawyer advised him that if he went to work he would get nothing in his suit.

This plaintiff denied. The testimony of this witness is neither satisfactory nor convincing as to the work that plaintiff was doing nor the weight of the loads he was lifting or carrying. On the other hand there is no proof whatever upon the part of the plaintiff that he made any effort to secure employment either at his former place of work and work of the character that he had done before the injury or any other class of work, nor that he had made any effort whatever to determine whether he could lift any weights except that he had tried to lift pails of coal and could not do so.

Dr. Mendelsohn testified that his bill for services against plaintiff from the time he was discharged from the hospital had amounted to $720, the hospital bill was $61, making a total of $781.

Plaintiff was in the hospital eight or nine days and thereafter his arm was in splints and a cast for seven weeks.

Counsel for plaintiff estimated that up to the time of trial he lost wages of at least $25 per week for sixty-six weeks, amounting to $1,650, which together with the items of $781 above, amounts to $2,431.

To this it is urged there must be added something for pain and suffering and also for the permanent loss of twenty-five to thirty per cent. of function and use of the right arm.

We are inclined to think that here, as in the case of the plaintiff wife, the jury was placed in a position where they had a very great and, perhaps warranted, suspicion that the plaintiff's injuries and disablement were highly colored and overdrawn.

It is to be further noted that neither Dr. Mendelsohn nor Dr. De Yoe assign any reason why the "grip" in plaintiff's hand has been lessened by the fracture.

The jury saw the witnesses and we have not had this opportunity. They evidently discounted tremendously the testimony of the plaintiff and his witnesses.

This was their right and prerogative.

Under the proofs we do not feel warranted in casting aside the result they reached.

The rule will be discharged, with costs.